**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**EARL LATSHA LUMBER COMPANY.**

**EARL LATSHA LUMBER COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD.**

Nos. 15912, 15960.

United States Court of Appeals Third Circuit.

Argued Oct. 18, 1966.

Decided Oct. 27, 1966.

Morton Namrow, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N. L. R. B., on the brief), for the Board.

Louis J. Adler, Harrisburg, Pa., for Earl Latsha Lumber Co.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

These are petitions by the National Labor Relations Board to enforce its order against Earl Latsha Lumber Company, and by the Lumber Company to review and set aside the order. The order was entered upon the Board's finding that the Lumber Company had coercively interrogated employees and discharged one of them in the presence of the others because of his union activities, in violation of section 8(a) (1) of the National Labor Relations Act, and had discharged six other employees because of their union activities, in violation of that section and of section 8(a) (3) of the Act. The Lumber Company attacks the sufficiency of the evidence to support these findings. Our examination of the record, however, satisfies us that substantial evidence which the Board was entitled to, and did, credit supports the findings. We may not, therefore, set them aside.

The Lumber Company also raises the procedural objections that the Board refused to grant its motion for a more definite statement of the complaint, that the Board refused to grant its request for oral argument before the Board, and that the Board denied its motion for reconsideration, rehearing and reopening of the record based on a letter subsequently received from one of the complaining witnesses. We find each of these objections to be without merit as is the Lumber Company's motion in this court for an order permitting it to introduce before the Board the additional evidence of the witness in question.

The motion for leave to introduce additional evidence before the Board will be denied.

A decree enforcing the order of the Board will be entered.